Daniel B. Berman, Esq.
Hancock & Estabrook, LLP
Attorneys for Debtors
1500 MONY Tower I
P.O. Box 4976
Syracuse, New York  13202-4976

William F. Larkin, Esq.
Assistant U.S. Attorney
Attorneys for HUD
U.S. Department of Justice
100 S. Clinton Street
Syracuse, New York  13261

William S. Thomas, Esq.
Nixon Peabody, LLP
Attorneys for NYS Urban Development Corp.
  and NYS Mortgage Loan Enforcement
1300 Clinton Square
Rochester, New York  14604

Guy A. Van Baalen, Esq.
Assistant U.S. Trustee
10 Broad Street
Utica, New York  13501

Re:    State Street Associates, L.P.
       State Street Houses, Inc.
       Case No.  04-63673 and 04-63672
       Chapter 11 Jointly Administered


## LETTER-DECISION and ORDER


       On November 8, 2005, Hancock & Estabrook, LLP ("H&E") moved this Court by an Order

to Show Cause for an order permitting H&E to withdraw as attorneys of record for the State Street

Associates, L.P. and State Street Houses, Inc, the Jointly Administered Debtors ("Debtors")

2

("withdrawal motion"), and extending the time within which the Debtors might file their designation of contents of the record on appeal and issues on appeal pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure in connection with their appeal of this Court's Memorandum-Decision, Findings of Fact, Conclusions of Law and Order dated October 27, 2005 ("Lift Stay Order").

The Order to Show Cause came on for an initial hearing before this Court on November 22, 2005. After hearing oral argument, the Court adjourned the matter to its November 29, 2005 motion calendar in Binghamton, N.Y., and requested that the Debtors supplement a companion motion seeking a stay pending appeal of the Lift Stay Order. On November 29th, the Court again heard argument and indicated to the parties that it would issue a written decision on the withdrawal motion. The Court, in connection with the companion motion, granted a temporary order imposing a stay pending appeal of the Lift Stay Order for a period of ninety (90) days from November 29th.

The Debtors filed for protection under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 ("Code"), on May 21, 2004. By Order dated June 9, 2004, H&E was appointed to represent the Debtors and has continued to do so at all times since. H&E has represented the Debtors in a number of contested matters and at least one adversary proceeding throughout the pendency of the chapter 11 case. H&E received an initial retainer of $78,150 and has filed two subsequent fee applications pursuant to which the Court has awarded it a total of $158,107.65 in fees and reimbursement of expenses. The Debtors' case was initially being handled primarily by H&E partners Stephen A. Donato, Esq.("Donato") and Camille Hill, Esq .("Hill"). In or about February 2005, Donato and Hill left H&E and the primary responsibility for the chapter 11 case was assumed by H&E partners Daniel B. Berman, Esq. ("Berman") and R. John Clark, Esq.("Clark"). In its

initial submission to the Court in support of its motion to withdraw, Berman represented to the Court that he and Clark, "seriously disagree with the Debtors' management personnel with respect to positions and procedures the Debtors wish to employ going forward from this point." Berman went on to assert that he was not in a position to share the specifics of the disagreement, presumably due to the existence of the attorney-client privilege. (*See* the Affidavit of Berman sworn to November 7, 2005, and submitted in support of the Order to Show Cause.) At or about the same time, Berman submitted to the Court for its *in camera* inspection certain correspondence written by Berman to Lanny A. Horwitz ("Horwitz"), identified as the President of Mathematical Bridge Corp., the Managing General Partner, State Street Associates, L.P. and President of the Debtor, State Street Houses, Inc. Horwitz thereafter submitted to the Court a letter, dated November 17, 2005, which he labeled "CONFIDENTIAL," responding to the correspondence submitted by Berman *in camera*. By letter, dated November 18, 2005, Berman responded to the "CONFIDENTIAL" letter of Horwitz.[1]

Horwitz filed an Affirmed Statement, dated November 7, 2005, in response to the withdrawal motion in which he alleged that H&E was seeking to withdraw because it had a significant amount of time invested in the case for which it did not anticipate future payment. In response, Berman submitted a Supplemental Affidavit sworn to on November 11, 2005, in which he asserted that in light of the submission of Horwitz's Affirmed Statement to the Court, he was permitted by Disciplinary Rule ("DR") 4-101 of the New York Code ("New York Code") of Professional Responsibility to submit to the Court for its *in camera* inspection the correspondence referenced

---

[1] The Office of the United States Trustee ("UST") initially objected to H&E's submission of a statement to the Court *in camera* in support of its withdrawal motion, asserting that H&E failed to comply with Code § 107, but thereafter withdrew the objection on the record on November 22nd.

4

above. Finally, H&E filed a Memorandum of Law dated November 23, 2005 in support of its motion. Thereafter, Horwitz submitted a Reply Memorandum of Law, dated November 23, 2005.[2]

In its Memorandum, H&E relies upon DR 2-110(C)(1)(d) in asserting that it has an irreconcilable conflict with the Debtors as to the litigation strategy to be employed in connection with the appeal of the Lift Stay Order[3]. H&E contends that in reliance on the case of *Generale Bank, New York Branch v.Wassel,* 91 Civ. 1768, 1992WL42168 (S.D.N.Y. February 24, 1992) it should be permitted to withdraw. In their Reply Memorandum of Law, Debtors again assert that H&E's desire to withdraw is motivated solely by a lack of fees, alleging that the Debtors were previously advised by Donato that unless Horwitz agreed to personally guarantee H&E's fees, it would seek to withdraw once the initial retainer was fully expended.[4]

The matter, *sub judice,* is in this Court's opinion governed by DR 2-110 which is entitled "Withdrawal from Employment." The DR provides for both mandatory and permissive withdrawal. Clearly the grounds for mandatory withdrawal do not exist here. Initially, H&E relied on DR 2-110(C)(1)(a) which permits counsel to permissively withdraw where the client insists on advocating a claim or defense which is unsupported by existing law or by an extension of existing law. In the

---

[2] Horwitz notes in his Affirmed Statement that he is an attorney at law admitted to practice in the states of New York, Florida, Michigan and the District of Columbia.

[3] In its Lift Stay Order, this Court, on motion of the New York State Urban Development Corporation ("UDC"), vacated the automatic stay permitting UDC to proceed with a mortgage foreclosure action against an apartment complex located in Utica, N.Y. known as Kennedy Plaza. Kennedy Plaza is essentially the Debtors' sole asset.

[4] The Court acknowledges yet another conundrum that plagues this contested matter. Horwitz, while an attorney, is neither admitted to practice before this Court nor has he been appointed to represent the Debtors in these Chapter 11 cases. Nevertheless, Horwitz has submitted papers in opposition to H&E's motion, which the Court has considered in light of the unique nature of this dispute.

5

course of oral argument, when it became apparent that the Court was not ready to embrace that position, H&E alternatively asserted that subsection (C)(1)(d) was perhaps more applicable: the conduct of the client makes it unreasonably difficult for the lawyer to carry out employment effectively. In that regard, H&E asserts that it has developed an irreconcilable conflict with the Debtor. H&E relies heavily on the *Generale* case as well as *Diarama Trading Company.Inc v. J. Walter Thompson U.S.A., Inc.,* Case No. 01 Civ 2950, 2005 WL 196945 (S.D.N.Y. August l5, 2005). *Generale* sheds very little light on the present dispute, except to suggest that when an attorney moves to withdraw from representation of a client and is impeded in providing an explanation of the basis for the motion by the attorney/client privilege, the Court should presume that adequate grounds exist and grant the motion. *Diarama* is a bit more instructive, though it interprets a local rule of the U.S. District Court for the Southern District of New York, rather than DR 2-110(C)(1)(d). The *Diarama* court also considered prejudice to the client in permitting withdrawal. In that regard, there are at least three pending matters in this case that require the attention of Debtors' counsel. The first is the pending appeal of the Court's Lift Stay Order. The second is the pending Adversary Proceeding commenced by the Debtors against UDC to which the U.S. Department of Housing and Urban Development ("HUD") has been added as a Defendant and the third is the Debtors' continued ability to use UDC's cash collateral. While these matters require the attention of counsel, H&E asserts that it has continued to monitor each of them and at present the Debtors do not appear to be in danger of being prejudiced in any one of these matters. In *Diarama* it was clear that the crux of the tension between attorney and client was a fee dispute which is also a grounds contemplated under DR 2-110(C)(1)(f). Here H&E emphatically denies that a fee dispute is at the heart of its conflict with the Debtor. The *Diarama* court noted that notwithstanding

6

the fee dispute, there existed irreconcilable differences which were evidenced by a series of letters between attorney and client (apparently not shielded by the attorney/client privilege) extending over a period of a year. In the instant dispute, H&E maintains both in its papers and at oral argument held on November 29, 2005, that its conflict(s) with the Debtors are irreconcilable. Berman, at oral argument held on November 29, 2005, asserted that he was, "asking the Court to accept my word that I have a problem with seeing eye to eye with this client, its irreconcilable. I don't want to advance some of the positions I am being asked to advance and I would like to get out, and I am doing it honorably." Berman went on to suggest that this representation to the Court was the best record that he could make and continue to honor the attorney/client privilege.

   This contested matter presents the Court with a dilemma, which frequently arises where an attorney seeks to permissively withdraw from representation of a client in accordance with DR 2-110, but asserts that he/she cannot articulate the reasons for the withdrawal lest it violate the attorney/client privilege imposed by Canon 4, Ethical Considerations (EC)4-1 through 4-7 and DR 4-101 of the New York Code. While exceptions to the attorney/client privilege exist, most notably where the client reveals to his/her counsel an intent to commit a crime or where the attorney and the client are engaged in a fee dispute, neither of those exceptions appear to be present here. In the matter, *sub judice*, H&E initially asserted as a basis for its withdrawal a disagreement with "the Debtors' management personnel with respect to the positions and procedures the debtors wish to employ going forward from this point." (*See* Affidavit of Berman sworn to November 7, 2005 at paragraph 19). When questioned by the Court at the oral argument on November 22, 2005, Berman relied on DR 2-110(C)(1)(a) as the substantive basis for H&E's withdrawal. The Debtor, to the extent that it could articulate any opposition to the motion, finding itself litigating with its own

7

appointed counsel and being unable to proceed as a corporation in the absence of separate counsel, asserted through the Affirmed Statement of Horwitz, its president, that H&E 's dispute with the Debtors was one focusing solely on the their inability to advance any fees beyond the amount of the retainer. (*See* Affirmed Statement of Horwitz dated November 7, 2005). At the adjourned oral argument held on November 29, 2005, H&E shifted the emphasis of its withdrawal motion from DR 2-110(C)(1)(a) to(C)(1)(d), client "conduct that renders it unreasonably difficult for the lawyer to carry out employment effectively." (*See* the Debtors' Memorandum of Law dated November 23, 2005, "Discussion" at page 3.) Debtors attempted to respond with their Reply Memorandum of Law dated November 25, 2005, in which they again assert that the crux of the dispute is and has always been their inability to pay H&E's fees, not any irreconcilable differences, and that if H&E is permitted to withdraw they will be irreparably harmed. (*See* Debtors' Reply Memorandum of Law dated November 25, 2005).

The Court, after weighing the respective positions of the parties, as vaguely articulated as those positions may be, finds that it must accept the position being advocated by H&E. It is ultimately persuaded by the oral argument of Berman at the November 29, 2005 motion calendar when he implored the court to "accept my word." As an officer of the Court, Berman surely knew the serious consequences of that statement and the impact it would have upon the Court in rendering its final decision. While the Court is sympathetic to the effect H&E's withdrawal may have on the Debtors' continuing ability to pursue reorganization, it does not believe it will result in any irreparable harm. The Court, by virtue of its Order dated December 8, 2005, has stayed the implementation of its Lift Stay Order for an initial period of 90 days running from November 29, 2005 to February 27, 2006, pending the Debtors' appeal of the latter Order. Presumably within that

8

stay period Debtors will be able to retain and have appointed substitute counsel. The Motion of H&E to withdraw is, therefore, granted effective with the date of this Order.

With regard to that portion of H&E's motion which sought an extension of time within which the Debtors must file a designation of the contents of the record on appeal and issues upon appeal pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, the Court will grant a similar extension until February 27, 2006.

IT IS SO ORDERED


Dated at Utica, New York

this 20th day of December 2005

/s/ Stephen D. Gerling
STEPHEN D. GERLING
Chief U. S. Bankruptcy Judge


cc: Lanny Horwitz, Esq.